Green, J.,
delivered the opinion of the court.
The agreed case, set-forth in the record, shows that Jane Humphrey recovered a judgment against Lewis Humphrey, before a justice of the peace, for forty-eight dollars; from which judgment the defendant appealed to the next term of the circuit court.
The justice failed to file the papers, within the two first days of the term of the circuit court, to which the appeal had been taken, but he did file them in said court during said term.
The plaintiff, then moved the court for an affirmance of the *155 justice’s judgment, for said failure to file the papers in said court within the first two days of the term; and the court rendered judgment accordingly.
To reverse this judgment, this writ of error is prosecuted. In rendering judgment in this cause, the court was guided by the provisions of the act of 1809, ch. 63, sec. 2. That act provides, that when a justice shall render a judgment, and an appeal shall be taken, “it shall be the duty of the justice, within the two first days of the term, to which the appeal is made returnable, to transmit to the clerk of the circuit court, all the proceedings had in the cause; and if the papers, in the cause, shall not be returned to the clerk aforesaid, within the time aforesaid, it may be lawful for the appellee, upon the production of the papers in the cause, to move for judgment against the appellant and his securities for the amount of the debt and costs.”
This statute, if it stood alone, would by its plain previsions, have authorised the judgment pronounced in this cause.
But, we think, its provisions are modified by the act of 1811, ch. 119. The first section of that act (Car. & Nich. 428) provides, that where an appeal shall be taken from the judgment of a justice of the peace, “it shall be the duty of the justice to transmit all the papers relative to the trial of said cause on the second day of the court, to which said appeal is made returnable. The second section (Car. & Nich. 94) provides, “that if any justice shall return the papers during the term to which the same is made returnable, and the appellant shall fail to appear and prosecute his appeal, provided he should be defendant, in the original suit, the plaintiff shall have judgment final by default, for the amount of the judgment of the justice; and, the court, on motion, shall enter judgment against him or them, his, her or their security or securities, for debt and costs. And if the plaintiff shall be appellant, and shall fail to appear within the term, he shall *156 suffer a non pros, and tbe defendant, on motion, shall have judgment against him and his securities for all costs.”
The provisions of this act, we think, are inconsistent with that portion of the act of 1809, which authorises an affirmance of the judgment, if the papers are not filed within the first two days of the term,
The act of 1811, makes it the duty of the justice to file the papers within the time 'prescribed by the act of 1809, but, then in the second section it provides, that the justice shall return the papers during the term to which they are returnable; and, if the appellant shall fail to prosecute his appeal, the plaintiff shall have judgment by default, it is evidently implied, that such judgment shall be rendered for the failure of the appellant to prosecute his appeal, and not for the failure of the justice to return the papers within the two first days of the term.
The act contemplates a case, in which the justice shall fail to return the papers within the time prescribed in the first section. And, impliedly, authorises the appellant to prosecute his appeal; because it gives the appellee the right to have judgment by default, or by non pros only, by reason of the failure of the appellant to prosecute his appeal.
This act will have no operation, if the act of 1809, remain in full force; because the act of 1809, is much more stringent in its provisio ns than the act of 1811. The legislature in 1811, doubtless saw, that great hardship, and injustice would often be inflicted upon appellants from the judgments of justices of the peace, by the operation of the act of 1809, without any fault on the part of the appellant.
The papers of the justices, are not under the control of the appellants; and if the justice, from negligence or wilful wrong, were to fail to file the papers, the appellant would have the judgment affirmed against him, and his only remedy would be an action against the justice.
*157 To remedy this evil, no doubt, the act of 1811, provided, that the judgment against an appellant should be the result of his own negligence, in his failure to prosecute the appeal.
We think the act of 1811, impliedly repeals the provision in question, contained in the act of 1809; and, therefore, that the judgment in this case, is erroneous.
Reverse the judgment, and remand the cause.